**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| & COMPANY LLC, d/b/a SPICY CUBES,<br><br>Plaintiff,<br><br>v.<br><br>AUFIOR LLC and FAIZAN JAMIL,<br><br>Defendants. | Case No.<br><br>JURY TRIAL DEMANDED |

**VERIFIED COMPLAINT**

Plaintiff & Company LLC, doing business as Spicy Cubes ("Plaintiff" or "Spicy Cubes"), for its Complaint against Defendants Aufior LLC ("Aufior") and Faizan Jamil ("Jamil") (together, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. Since January 2024, Plaintiff has sold dietary-supplement gummies to consumers throughout the United States under the SPICY CUBES mark. Beginning no later than January 2026, Defendants began selling a competing gummy through an online store at cubesofficial.com (the "CubesOfficial Store") by trading on Plaintiff's name.

2. Defendants built their product page at the address cubesofficial.com/products/spicy-cubes. They ran paid social-media advertisements showing a pouch labeled "Spicy Cubes," including an advertisement that places a "Spicy Cubes" pouch beside a "Kinky Cubes" pouch under the headline "The Gummy That Made You Spread Eagle Just Got Stronger." On the product page itself, Defendants told consumers that the product was "Spicy to Kinky - New Upgraded Formula." The message is unmistakable: KINKY CUBES is the new, stronger version of SPICY CUBES. It is not. Plaintiff has no connection with Defendants or

their product.

3. In July 2026, the CubesOfficial Store publicly told complaining customers that orders had been fulfilled from a manufacturing facility or manufacturing partner in China. Based on Defendants' descriptions of their manufacturing source in China and their United States locations as fulfillment warehouses, together with their subsequent unqualified Made-in-USA representations, Plaintiff alleges on information and belief that Defendants continue to offer at least some foreign-manufactured gummies under those representations. KINKY CUBES is not an authorized reformulation or successor to Plaintiff's SPICY CUBES.

4. The confusion is real, not hypothetical. Charges for the CubesOfficial Store appear on consumers' bank statements as "SP CUBES," and consumers who were charged by Defendants have sent their CubesOfficial order confirmations and bank records to Plaintiff's customer-service team.

5. Plaintiff brings claims for false designation of origin and unfair competition, and for false advertising, under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq.; and for common-law trademark infringement and unfair competition. Plaintiff seeks injunctive relief, Defendants' profits, damages, and costs.

**THE PARTIES**

6. Plaintiff & Company LLC is a Delaware limited liability company that does business as Spicy Cubes at 2810 N Church St, PMB 941674, Wilmington, DE 19802-4447.

7. Defendant Aufior LLC is a Florida limited liability company, Florida Document No. L24000074879, formed on February 12, 2024. According to the Florida Division of Corporations, Aufior's status is active; its principal and mailing address is 7901 4th St N, Ste 18882, St. Petersburg, Florida 33702; and its registered agent is Easy File LLC, 8760 NW 97th

Ave, Unit 211, Doral, Florida 33178. Aufior filed annual reports on March 12, 2025 and February 13, 2026. (Exhibit D.)

8. Aufior owns and operates the CubesOfficial Store. The store's Payment Policy states, "Welcome to Cubes (operated by Aufior LLC)," and lists Aufior LLC as the contact for payment questions. The store's Contact Information page identifies the business name as "AufiorLLC" and gives Aufior's Suite 18882 address and the telephone number 386-202-5809. The store's Privacy Policy directs consumers to "Aufior LLC, 7901 4th St N, Ste 18882, St. Petersburg, FL." (Exhibits F, G.)

9. Defendant Faizan Jamil is an individual. The Florida Division of Corporations lists Jamil as a member of Aufior, at Aufior's Suite 18882 address, and he is the only authorized person listed on Aufior's record. (Exhibit D.) The Better Business Bureau business profile for "Cubes," which lists "Aufior LLC" and "Kinky Cubes" as the business's alternate names, identifies "Faizan Jamil, Managing Member" as the person responsible for the business's management, as its principal contact, and as its customer contact. (Exhibit E.)

10. On information and belief, Jamil is the moving, active, conscious force behind the conduct alleged in this Complaint. As Aufior's managing member, and as the person Aufior holds out to the public as responsible for managing the Cubes business and handling its customer contacts, Jamil authorized, directed, and participated in the selection of the "spicy-cubes" product address, the product-page statements, the advertising described below, and the sale of Defendants' goods.

11. Each Defendant is liable for the conduct that Defendant authorized, directed, or participated in, as alleged in ¶¶ 8–10. Plaintiff seeks joint and several liability for the harm caused by their joint conduct.

## JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction over Plaintiff's Lanham Act claims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), and over Plaintiff's related state-law unfair-competition claims under 28 U.S.C. § 1338(b). The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a) because they arise from the same advertising and sales as the federal claims.

13. This Court has specific personal jurisdiction over Aufior because it transacts business in Illinois through the CubesOfficial Store, which it owns and operates as alleged in ¶ 8, and Plaintiff's claims arise out of or relate to its offering and sale of the accused product to this District. In a test purchase by Plaintiff's counsel, the store accepted and confirmed an order for two bags of KINKY CUBES for standard shipment to Vernon Hills, Illinois 60061. Confirmation No. AQEWI4EKI identifies that Illinois destination and a total of $43.98, including $3.99 shipping. (Exhibit N.) Counsel also confirms that, on October 1, 2026, he received in Vernon Hills the photographed package containing the CubesOfficial KINKY CUBES product from Order No. 209607. Its label bears tracking number GFUS01075123369860, matching the tracking record for Order No. 209607. (Exhibit O.) These records concern KINKY CUBES, the product marketed through the challenged use of SPICY CUBES and the representations alleged below. Plaintiff separately asserts jurisdiction over Jamil based on his own authorization, direction, and participation in the challenged sales and advertising, as alleged in ¶ 10.

14. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred here, including Aufior's acceptance of an order for shipment of the accused product to Vernon Hills and the confirmed delivery of the accused product to counsel in Vernon Hills, within this District, as alleged in ¶ 13. (Exhibits N, O.)

## PLAINTIFF AND THE SPICY CUBES MARK

15. Plaintiff develops and sells chewable dietary-supplement gummies under the SPICY CUBES mark. Its products are sold directly to consumers online. Plaintiff's pouches of SPICY CUBES "dailies for her" gummies contain 30 pineapple-and-ginger gummies, marketed for "mood, wellness & balance."

16. Plaintiff has used the SPICY CUBES mark in interstate commerce since at least January 14, 2024. Its records document an order placed on that date, shipped by DHL eCommerce, and delivered to the customer in Seattle, Washington on January 27, 2024. (Exhibit A.)

17. Plaintiff displays SPICY CUBES prominently as a brand name on its products. Its packaging, including a red box and a red stand-up pouch, bears the words "spicy cubes" in gold serif lettering as the dominant element of the package. (Exhibit B.) Plaintiff also uses the mark on its website and in its online marketing.

18. Plaintiff's sales under the SPICY CUBES mark have been continuous and have grown rapidly. Plaintiff's store records show 63,861 orders in calendar year 2025, an increase of 451 percent over calendar year 2024, with monthly order volume exceeding 10,000 orders in late 2025. (Exhibit C.)

19. The SPICY CUBES mark is inherently distinctive. When used for dietary-supplement gummies, the mark does not describe any ingredient, function, or quality of the goods; it requires imagination to connect the word "spicy," paired with the word "cubes," to Plaintiff's gummies. In addition, through Plaintiff's continuous and substantially exclusive use of the mark since January 2024, its tens of thousands of sales to consumers across the United States, and its advertising, the consuming public has come to recognize SPICY CUBES as identifying goods that come from a single source: Plaintiff.

20. Plaintiff's rights in the SPICY CUBES mark predate any use of the words "Spicy Cubes" by Defendants. Aufior was not formed until February 12, 2024, after Plaintiff's first sale, and the CubesOfficial product listing at issue was created on January 28, 2026.

21. On December 16, 2025, Plaintiff applied to register SPICY CUBES on the Principal Register for dietary supplements and nutritional supplements in the form of gummies in International Class 5 (U.S. Serial No. 99550249), claiming first use and first use in commerce of January 14, 2024. Plaintiff's claims in this action arise from its common-law rights under Section 43(a) of the Lanham Act and state law, which do not depend on federal registration.

22. Plaintiff has never authorized Aufior, Jamil, or anyone acting with them to use the SPICY CUBES mark or any similar designation. Plaintiff has never supplied, formulated, endorsed, or approved any product sold by Defendants, including KINKY CUBES. Plaintiff has no affiliation with Defendants.

**DEFENDANTS' INFRINGING CONDUCT**

**A. The CubesOfficial Store and the "spicy-cubes" Product Page**

23. The CubesOfficial Store is an online store built on the Shopify platform. The store's product catalog lists "Cubes" as the vendor for every product it sells. The store offers its products to consumers in the United States and in more than a dozen other countries, with prices shown in local currencies.

24. Defendants sell their gummy product from a single product page located at https://cubesofficial.com/products/spicy-cubes (the "Spicy-Cubes Page"). According to the store's own product data, Defendants created that product listing on January 28, 2026, under the product address (or "handle") "spicy-cubes." The page's canonical web address, the address Defendants tell search engines to index, is https://cubesofficial.com/products/spicy-cubes. (Exhibit F.)

25. The store's saved product data identifies the product by the title "Kinky Cubes" while retaining the "spicy-cubes" product address. Defendants' continued use of that address, together with the "Spicy to Kinky - New Upgraded Formula" statement described below, presents KINKY CUBES as a continuation of SPICY CUBES. (Exhibit F.)

26. As captured on June 7, 2026, the Spicy-Cubes Page displayed the product name KINKY CUBES, described the product as "16 Aphrodisiac Gummies | Perfect For Couples," and, directly above the product name, announced: "Spicy to Kinky - New Upgraded Formula." The page offered the product in quantities of one, two, three, or five bags, at prices from $44.43 to $89.99. (Exhibit F.)

27. Defendants continued to use the Spicy-Cubes Page after Plaintiff began enforcing its rights. As retrieved on September 22, 2026, the Spicy-Cubes Page remained at the same "spicy-cubes" address, still displayed the KINKY CUBES product, and now described it as a "New Upgraded Formula - June 2026." (Exhibit G.)

28. The Spicy-Cubes Page tells consumers that the product is "Rated 4.8 (56772) Happy Couples," is rated "4.8/5 based on 50000+ customer reviews," and has left "24,000+ Beds Ruined." Plaintiff alleges on information and belief that these figures overstate the product's market acceptance and customer satisfaction. The basis for that inference is the product listing's January 28, 2026 creation date, the absence of a displayed customer-review feed in the saved page captures, and the Trustpilot profile for the business showing 79 reviews with an average rating of 2.9 out of 5. (Exhibits F, G, L.) Those observations do not establish a complete count of Defendants' customers or reviews.

**B. Defendants' Advertising Using the SPICY CUBES Mark**

29. Defendants drive consumers to the CubesOfficial Store with paid advertisements on Facebook and Instagram. One Facebook page Defendants use for this purpose is named "Shop

Cubes" (Facebook Page ID 108474304895024; Instagram @shop.cubes). According to Meta's page-transparency disclosures, the Shop Cubes page was created on August 29, 2021, has changed its name once, and is managed by people whose primary country locations are Pakistan and Vietnam. Meta lists the organization responsible for the page as "Alejandra Uchio M.D., Inc," Los Angeles, California. (Exhibit H.)

30. Defendants' Shop Cubes advertisements repeatedly use the same text: "The cube that ruined 24,000 beds. Wetter. Harder. Can't stop touching each other. One cube does all that." They carry the link title "30 Day Money Back Guarantee" with the tagline "4.8/5 Star Reviews" and a "Shop Now" button. Where the advertisement displays its destination, the destination is CUBESOFFICIAL.COM. (Exhibit H.)

31. Several Shop Cubes advertisements show a pouch prominently labeled "Spicy Cubes" as the product being sold. They include:

(a) a sponsored advertisement showing a "Spicy Cubes" pouch over the caption "This made me sit on his face every weekend" – Rachel T.; and

(b) a sponsored advertisement showing a "Spicy Cubes" pouch over the caption "This made me suck him dry in 30 minutes" – Sarah M.

(Exhibit H.) The "Spicy Cubes" pouch shown in these advertisements is not Plaintiff's package. It is a package Defendants created, or caused to be created, bearing Plaintiff's mark.

32. Another Shop Cubes advertisement links to CUBESOFFICIAL.COM and shows two pouches side by side: on the left, a pouch labeled "Spicy Cubes"; on the right, a pouch labeled "KINKY CUBES." The headline above them reads: "The Gummy That Made You Spread Eagle Just Got Stronger." (Exhibit H.)

33. Read together with the Spicy-Cubes Page's statement "Spicy to Kinky - New

Upgraded Formula," this advertisement tells consumers that KINKY CUBES is the stronger successor to SPICY CUBES: that the same company that makes SPICY CUBES has reformulated and renamed it. That message is false. Plaintiff has not reformulated, renamed, or replaced SPICY CUBES. KINKY CUBES is not a SPICY CUBES product. It comes from Defendants, a source that has no connection with Plaintiff.

34. Other Shop Cubes advertisements, using the same "The cube that ruined 24,000 beds" text and linking to CUBESOFFICIAL.COM, show consumers holding the red KINKY CUBES pouch. Those advertisements show that the "Spicy Cubes" pouch advertisements and the KINKY CUBES advertisements belong to a single campaign selling one product from one store. (Exhibit H.)

35. Defendants also advertise the CubesOfficial Store through a second Facebook page named "Bedroom stories." Its sponsored advertisements use the same "The cube that ruined 24,000 beds" text and the same "30 Day Money Back Guarantee" link title, show the KINKY CUBES pouch, and send consumers to CUBESOFFICIAL.COM. (Exhibit I.)

36. The same advertising also appears on a third Facebook page, named "Recupper" (Facebook Page ID 1084964661363655; Instagram @recupper.global). That page's advertisements send consumers to a second online store at recupper.com. They include (a) the identical "This made me sit on his face every weekend – Rachel T." image with the "Spicy Cubes" pouch that appears in the Shop Cubes advertisements, and (b) another image showing a "Spicy Cubes" pouch with the caption "This made me devour him like my last meal." (Exhibit J.) Recupper.com sells a product it calls "Spicy Kinky Cubes," along with the same four add-on products, at the same prices, that the CubesOfficial Store sells. Recupper.com's Contact page lists Aufior's Suite 18882 address and the same telephone number, 386-202-5809, that appears on the

CubesOfficial Store's Contact Information page and in the "SP CUBES" charges on consumers' bank statements. (Exhibit J.) Defendants therefore operate, control, or act in concert with the Recupper store and advertising.

**C. Defendants' Sales and the Resulting Confusion**

37. Defendants' advertising and product page have produced sales. Order confirmations issued by the CubesOfficial Store show orders of KINKY CUBES bearing order numbers from 28182 to 50746, placed between approximately April and May 2026, including:

(a) Order No. 28182, placed May 1, 2026, for two bags of KINKY CUBES, $39.98 total paid through Shop Pay, for shipment to Myrtle Beach, South Carolina;

(b) Order No. 35709, placed May 8, 2026, for two bags of KINKY CUBES, $36.39 total paid through Shop Pay, for shipment to Flandreau, South Dakota;

(c) Order No. 44380, placed May 17, 2026, $43.98, for shipment to San Jose, California; and

(d) Order No. 45234, placed May 18, 2026, $43.98, for shipment to Spokane Valley, Washington.

Other CubesOfficial Store order confirmations listed shipping addresses in the United Kingdom and Australia. (Exhibit K.)

38. Defendants' charges appear on consumers' card and bank statements under merchant descriptors that begin "SP CUBES," including "SP CUBES CUBESOFFICIAL FL 33702 US," "RECURRING SP CUBES +13862025809 FL," and "SP CUBES ST. PETERSBUR." (Exhibit K.) To a consumer who has bought, or meant to buy, SPICY CUBES, a charge from "SP CUBES" reads as a charge from Spicy Cubes.

39. Many of those charges are recurring. Consumers' bank records show charges labeled "RECURRING," "Recurring Withdrawal," and "Continuous," and Defendants' order

confirmations tell consumers to "Manage subscription at cubesofficial.com." (Exhibit K.) Consumers report that they were enrolled in subscriptions they did not intend to buy and could not cancel. (Exhibit L.)

40. Plaintiff's customer-service records document three conversations opened May 14–22, 2026 concerning CubesOfficial or KINKY CUBES purchases. In the conversation opened May 14, D.M. asked Plaintiff to cancel and refund an order and cancel an unwanted subscription. After Plaintiff's staff reported finding no order, D.M. insisted, "No it is definitely you guys," then identified cubesofficial.com in the original emails. In the conversation opened May 19, C.W. reported a $74.68 charge, said "i cant find any info on purchase or shipping info," and provided a transaction description containing "SP CUBES" and "CUBESOFFICIAL." In the conversation opened May 22, J.L., whose order listed a New York shipping address, asked Plaintiff to "please cancel and refund my subscription" and provided order text identifying "Kinky Cubes" and "Cubes." Plaintiff's representatives explained in each conversation that spicycubes.com was Plaintiff's only official website and the other website was unaffiliated. These misdirected requests show consumers treating Plaintiff as responsible for purchases from the other seller. (Exhibit P.)

41. Plaintiff has been damaged by this confusion. Its customer-service staff has spent time responding to complaints about products Plaintiff did not sell. Consumers who are dissatisfied with Defendants' product, its delivery, or its recurring charges attribute that experience to SPICY CUBES, harming Plaintiff's reputation and goodwill. On information and belief, Defendants' presentation of KINKY CUBES as the upgraded SPICY CUBES also diverts purchases that otherwise would have been made from Plaintiff.

**D. Defendants' United States Manufacturing Representations**

42. As of September 22, 2026, the Spicy-Cubes Page included a heading reading "Proudly Made in the USA," which expanded to state: "Kinky Cubes are proudly made in the USA

with carefully selected ingredients and strict quality standards, so you can feel confident about what you're putting into your body." The page also displays a "Made In USA" badge. (Exhibit G, September 22 capture.) The same unqualified United States-manufacture representations remained on the page as of September 30, 2026.

43. In public responses posted on Trustpilot on July 25, 2026 under the name "Cubesofficial," Defendants told complaining customers:

> "Your order was dispatched from our manufacturing facility in China because inventory at our US fulfillment location was temporarily unavailable."
>
> "Due to an unexpected shortage at our US warehouse, your order was fulfilled directly by our manufacturing partner in China rather than being cancelled."
>
> "Due to an unexpected stock shortage at our US warehouse, your order was dispatched directly from our manufacturing partner in China so we could avoid cancelling it altogether."

(Exhibit L.) These statements identify a Chinese manufacturing source for the orders discussed in those responses, which Defendants attributed to a temporary shortage at their United States warehouse or fulfillment location.

44. Defendants' shipping records are consistent with those reports of earlier Chinese fulfillment. The tracking page for CubesOfficial Order No. 94576, which displays the name Aufior, shows that the order was placed on July 4, 2026; was processed at an "SZ Operation Center" on July 14; arrived in Hong Kong on July 16; departed through Hong Kong on July 20; cleared United States customs on July 21 and 22; and was delivered in Miami, Florida on July 29, 2026. (Exhibit M.)

45. On information and belief, Defendants continue to offer at least some foreign-manufactured gummies under the unqualified United States-manufacture representations described in ¶ 42, based on the manufacturing and fulfillment descriptions in ¶ 43 and the later

advertising. The timing of any overlap between sales of foreign-manufactured gummies and those representations has not yet been established. A screenshot for Cubes Order No. 209607, dated September 26, 2026, and tracking number GFUS01075123369860 displays routing entries labeled "Vernon, BC, CA" on September 28–29 and "Chino, San Bernardino Co., CA, US" on September 29. The photographed package received by counsel on October 1 bears the same tracking number and an Illinois destination; its ship-from block lists an El Monte, California address and a separate "Beijingshi Beijing 91731" line. (Exhibit O; ¶ 13.) These shipment records do not establish where the gummies were manufactured. Plaintiff's principal also retains an earlier product that was shipped from China.

**E. Defendants' Willfulness**

46. Defendants' conduct is knowing and deliberate. Defendants chose the "spicy-cubes" address for their product page; placed Plaintiff's mark on a pouch of their own design in paid advertising; told consumers in writing that their product was the "Upgraded Formula" of "Spicy"; and have kept the "spicy-cubes" page live since January 2026.

47. Unless enjoined, Defendants will continue to use the SPICY CUBES mark and continue to tell consumers that KINKY CUBES is the upgraded version of SPICY CUBES. On information and belief, Defendants will also continue to offer foreign-manufactured gummies under the unqualified United States-manufacture representations described in ¶¶ 42–45. Plaintiff has no adequate remedy at law for the continuing loss of control over its reputation and goodwill. Under 15 U.S.C. § 1116(a), Plaintiff is entitled to a rebuttable presumption of irreparable harm upon a finding of a violation of Section 43(a).

**COUNT I**
**False Designation of Origin and Unfair Competition**
**15 U.S.C. § 1125(a)(1)(A)**
**(Against All Defendants)**

48. Plaintiff realleges ¶¶ 1–47 as if fully set forth here.

49. Plaintiff owns valid and protectable rights in the SPICY CUBES mark, which is inherently distinctive and has acquired secondary meaning, and which Plaintiff used in commerce long before Defendants' first use.

50. Defendants have used the words "Spicy Cubes," which are identical to Plaintiff's mark, in commerce in connection with the advertising, offering for sale, and sale of competing gummy supplements. They used those words in their product-page address, on the pouch displayed in their advertisements, and in the "Spicy to Kinky" upgrade statement.

51. Defendants' use of the SPICY CUBES mark is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, and as to the origin, sponsorship, or approval of Defendants' goods by Plaintiff. Defendants use an identical mark; for closely related goods (chewable supplement gummies); sold to the same consumers through the same channels (online stores promoted through social media); in a way that expressly presents Defendants' product as the successor to Plaintiff's. Actual confusion has already occurred, as alleged in ¶ 40.

52. Defendants' acts constitute false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A). Defendants acted willfully and with the intent to trade on Plaintiff's goodwill.

53. As a direct and proximate result, Plaintiff has suffered and will continue to suffer damages and irreparable harm. Plaintiff seeks injunctive relief under 15 U.S.C. § 1116, and Defendants' profits, Plaintiff's damages, any enhancement authorized by 15 U.S.C. § 1117(a), and

costs. Plaintiff also seeks reasonable attorney fees under § 1117(a) upon a finding that this case is exceptional, based on Defendants' willful conduct and the circumstances alleged above.

**COUNT II**
**False Advertising**
**15 U.S.C. § 1125(a)(1)(B)**
**(Against All Defendants)**

54. Plaintiff realleges ¶¶ 1–47 as if fully set forth here.

55. In commercial advertising and promotion, Defendants have made false and misleading statements of fact about the nature, characteristics, qualities, and geographic origin of their goods, including:

(a) the statements "Spicy to Kinky - New Upgraded Formula" and "The Gummy That Made You Spread Eagle Just Got Stronger," shown with a "Spicy Cubes" pouch next to a "KINKY CUBES" pouch, which represent that KINKY CUBES is a reformulated, upgraded version of SPICY CUBES (¶¶ 26–27, 32–33);

(b) the statements "Rated 4.8 (56772) Happy Couples," "4.8/5 based on 50000+ customer reviews," and "24,000+ Beds Ruined," which, on information and belief, misrepresent the product's market acceptance and customer satisfaction (¶ 28); and

(c) the unqualified "Proudly Made in the USA" statement and "Made In USA" badge, which, on information and belief, falsely represent the manufacturing origin of at least some of Defendants' gummies (¶¶ 42–45).

56. The upgrade statements are literally false, or at minimum false by necessary implication: KINKY CUBES is not a new formula of SPICY CUBES. On information and belief, the customer-review and market-acceptance statements overstate those matters and are false or misleading, as alleged in ¶ 28. On information and belief, the unqualified United States-manufacture representations are false as to the foreign-manufactured gummies alleged in ¶ 45.

57. Defendants' statements actually deceived, or have a tendency to deceive, a substantial segment of their audience. The consumers who believed they had purchased from Plaintiff (¶ 40) illustrate confusion about product identity and source. On information and belief, the United States-manufacture representations have a tendency to deceive purchasers about where the gummies alleged in ¶ 45 were made.

58. The deception is material. It concerns the identity of the product and its maker, where the product was manufactured, and how many other consumers have bought and approved of the product, each of which is likely to influence purchasing decisions.

59. Defendants caused their false statements to enter interstate commerce by publishing them on the internet and in paid social-media advertising directed to consumers throughout the United States, and by shipping the advertised goods across state lines.

60. Plaintiff's injuries fall within the zone of interests the Lanham Act protects and were proximately caused by Defendants' false advertising. Plaintiff and Defendants compete directly for the same purchasers of gummy supplements. Defendants' statements divert sales from Plaintiff by presenting Defendants' product as Plaintiff's upgraded product, and they injure Plaintiff's commercial reputation by tying Plaintiff's name to Defendants' product, delivery practices, and recurring charges. On information and belief, the false United States-manufacture representations also divert sales from Plaintiff to Defendants by inducing purchasers of competing gummies to buy Defendants' goods based on a misrepresentation about where those goods were made.

61. Defendants' acts violate 15 U.S.C. § 1125(a)(1)(B) and were willful. Plaintiff seeks injunctive relief under 15 U.S.C. § 1116, including corrective advertising, and Defendants' profits, Plaintiff's damages, any enhancement authorized by 15 U.S.C. § 1117(a), and costs. Plaintiff also

seeks reasonable attorney fees upon a finding that this case is exceptional under § 1117(a).

**COUNT III**
**Violation of the Illinois Uniform Deceptive Trade Practices Act**
**815 ILCS 510/1 et seq.**
**(Against All Defendants)**

62. Plaintiff realleges ¶¶ 1–47 as if fully set forth here.

63. In the course of their business, Defendants have engaged in deceptive trade practices within the meaning of 815 ILCS 510/2(a), including by:

(a) passing off their goods as those of Plaintiff (510/2(a)(1));

(b) causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of their goods (510/2(a)(2));

(c) causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with Plaintiff (510/2(a)(3));

(d) representing that their goods have sponsorship, approval, characteristics, or benefits that they do not have (510/2(a)(5));

(e) engaging in other conduct that creates a likelihood of confusion or misunderstanding (510/2(a)(12)); and

(f) on information and belief, using deceptive representations of geographic origin in connection with the foreign-manufactured gummies alleged in ¶ 45 (510/2(a)(4)).

64. Defendants' conduct is ongoing. The Spicy-Cubes Page remained live with the upgrade statements as of September 22, 2026, and its unqualified United States-manufacture representations remained as of September 30, 2026. On information and belief, those origin representations continue to be used to offer at least some foreign-manufactured gummies, as alleged in ¶ 45. Plaintiff is likely to be damaged by Defendants' continuing deceptive trade practices.

65. Under 815 ILCS 510/3, Plaintiff seeks an injunction against Defendants' deceptive trade practices. Plaintiff also requests costs and reasonable attorney fees to the extent the Court finds an award warranted under that provision, including based on a finding that Defendants willfully engaged in those practices.

**COUNT IV**
**Common-Law Trademark Infringement and Unfair Competition**
**(Against All Defendants)**

66. Plaintiff realleges ¶¶ 1–47 as if fully set forth here.

67. Plaintiff owns common-law rights in the SPICY CUBES mark by virtue of its prior and continuous use of the mark in commerce.

68. Defendants' unauthorized use of the SPICY CUBES mark, and their false statements that KINKY CUBES is the upgraded version of SPICY CUBES, are likely to cause confusion as to the source, sponsorship, and affiliation of Defendants' goods. They pass off Defendants' goods as Plaintiff's and misappropriate Plaintiff's goodwill. This constitutes trademark infringement and unfair competition under the common law.

69. Defendants acted willfully, deliberately, and in conscious disregard of Plaintiff's rights. Plaintiff has been damaged and is entitled to injunctive relief, compensatory damages, and, because of Defendants' willful and wanton conduct, punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff & Company LLC respectfully requests that the Court enter judgment in its favor and against Defendants Aufior LLC and Faizan Jamil, jointly and severally, and grant the following relief:

A. A preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of the order, from: (a)

using SPICY CUBES, or any confusingly similar designation, as or in a product name, product-page address, domain name, social-media name, advertisement, package, or payment descriptor; (b) representing, expressly or by implication, that any of their products is a new, upgraded, stronger, or reformulated version of SPICY CUBES, or is otherwise affiliated with, sponsored by, or approved by Plaintiff; and (c) falsely representing that foreign-manufactured gummy products are made in the United States;

B. An order under 15 U.S.C. § 1116(a) directing Defendants to remove the product page at cubesofficial.com/products/spicy-cubes and any other web page or product address containing "spicy-cubes" or "spicy cubes," to discontinue all advertisements displaying the SPICY CUBES mark, and to file with the Court and serve on Plaintiff, within 30 days after entry of the injunction, a written report under oath setting forth in detail the manner and form in which Defendants have complied;

C. An order under 15 U.S.C. § 1118 directing Defendants to deliver up for destruction all packaging, labels, advertising, and promotional materials bearing the SPICY CUBES mark;

D. An order directing Defendants to disseminate corrective advertising addressing the false product-continuity, customer-review, and manufacturing-origin representations proved in this action, at Defendants' expense, in a form approved by the Court;

E. An award of Defendants' profits from sales made through use of the SPICY CUBES mark and the false statements alleged above, and of Plaintiff's actual

damages, in amounts to be proven at trial, enhanced as the Court finds just under 15 U.S.C. § 1117(a);

F. An award of compensatory and punitive damages on Plaintiff's common-law claims;

G. A finding that this is an exceptional case, and an award of Plaintiff's reasonable attorney fees under 15 U.S.C. § 1117(a) and 815 ILCS 510/3;

H. An award of Plaintiff's costs;

I. Prejudgment and post-judgment interest as allowed by law; and

J. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Under Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

Dated: October 3, 2026

Respectfully submitted,

By: /s/ Nicholas S. Lee
Nicholas S. Lee ARDC No. 6284603
Law Office of Nicholas S. Lee
332 S. Michigan Avenue, Suite 900
Chicago, Illinois 60604
(224) 360-3293
nslee@nslegal-ip.com

*Attorney for Plaintiff & Company LLC d/b/a Spicy Cubes*

**VERIFICATION**

I, Roberto Noel, declare as follows:

1. I am the owner of Plaintiff & Company LLC d/b/a Spicy Cubes. I am authorized to make this Verification on Plaintiff's behalf. I make it based on my personal knowledge and information reported to me by persons acting on Plaintiff's behalf.

2. I have read the foregoing Verified Complaint. The factual allegations are true based on my personal knowledge and information reported to me by persons acting on Plaintiff's behalf, except for matters alleged on information and belief, which I believe to be true.

3. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 3, 2026 at 10:13pm.

Signed by:
Roberto Noel
EC1CD89D3B6D4CB...

Roberto Noel